KAUFFMAN v. JACOBS ET AL.

1. **Garnishment:** DISCHARGE OF GARNISHEE. When notice of garnishment was served and fees demanded, but not paid, and the garnishee afterward, in good faith, paid a note to the indorsee of the defendant, subsequently to which payment his answer as garnishee was taken, *held*, that he was not liable for the amount paid.

*Appeal from Johnson Circuit Court.*

FRIDAY, OCTOBER 25.

ON the 12th day of July, 1870, plaintiff obtained a judgment in the court below against D. G. Sabin. On the 22d day of April, 1874, an execution was issued upon said judgment to the sheriff of Jones county. Said execution was served by attaching the defendant Jacobs as garnishee, and he was notified to appear on the first day of the next term of the Johnson Circuit Court to answer. He demanded his fees of the sheriff, but the same were not paid for want of funds. Afterward, and about August 13, 1874, the sheriff, by direction

of the plaintiff, took the answer of said garnishee, which is as follows:

"On or about the 12th day of February, 1874, I gave to defendant Sabin a note of three hundred dollars, payable to D. G. Sabin or order, which note was due June 1, 1874. Mr. Sabin or Mr. Gurney told me, sometime in March, 1874, that he (Sabin) had transferred said note to N. C. Sabin, as collateral security. Further than this I am not indebted to him or to defendants, nor do I owe him or them any money or property."

At the next term of said court "plaintiff, by a pleading filed, controverted so much of the answer of G. H. Jacobs as sets up title to the three hundred dollar note given by him to D. G. Sabin, due June 1, 1874, to be in N. C. Sabin, and alleging that the said note is the property of D. G. Sabin, and all claim that the same is the property of N. C. Sabin is a pretense and a sham, and set up to hinder, delay. and defraud the creditors of said D. G. Sabin, and especially the plaintiff."

At the September Term, 1876, Jacobs filed an amended answer, setting up in substance that he was garnished April 29, 1874, and demanded his fees, which were not paid, and supposing that he was under no further liability in the matter he paid off the note about the time it became due to one M. W. Herrick, the agent and attorney of N. C. Sabin, and on the 13th day of August, 1874, the sheriff of Jones county took his original answer as filed, and that said sheriff instructed him to answer, as to the time of his garnishment, which he did, so as to express the state of facts existing at the time he was first served with notice of garnishment.

To this amended answer the plaintiff replied, denying that said note was paid to N. C. Sabin, or that he was ever the owner thereof, and averring that the same was paid to D. G. Sabin after its maturity and after garnishment, in fraud of plaintiff's rights.

Kauffman v Jacobs.

The cause was tried to the court. It was adjudged that Jacobs was not liable to plaintiff.

Plaintiff appeals.

*Robinson & Patterson*, for appellant.

*Remley & Swisher*, for appellee.

ROTHROCK, CH. J.—That Jacobs paid the note before his answer as a garnishee was taken is not disputed. The single question presented is, was he justified in making such payment? He had been served with the garnishee notice, but we find nothing in the evidence tending to show that he knew at that time, nor until after payment was made, that the note in question was the particular property plaintiff was endeavoring to reach by the attachment proceedings.

1. GARNISH-
MENT : dis-
charge of
garnishee.

The note was payable to D. G. Sabin, or bearer, and bore an indorsement in these words: "February 18, 1874. Pay to N. C. Sabin, or order." [Signed, D. G. Sabin.] It was in this condition when presented for payment. It is true, payment was actually made to D. G. Sabin, who claimed to be acting for N. C. Sabin. N. C. Sabin claimed to be the owner of the note. The evidence as to his ownership, together with the indorsement on the note, was all presented, and considered by the court below, and we are not prepared to say that the conclusion reached is so manifestly unsupported by the evidence as to justify us in interfering. We need not set out nor discuss the evidence.

AFFIRMED.